# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW JOHANSSON, HEATHER PORTER, JON PEARCE, LINDA STANLEY, and ANETRA FAISON, on behalf of themselves and the Class Members described herein,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>NELNET, INC., a Nebraska Corporation, NELNET DIVERSIFIED SOLUTIONS, LLC, a Nebraska limited liability company, and NELNET SERVICING LLC, a Nebraska limited liability company,<br><br>　　　　　　　Defendants. | Case No. 4:20-cv-03069-JMG-CRZ |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 26(c), that this Stipulated Protective Order (the "Order") shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Order. The following terms and conditions shall govern, and are hereby incorporated into, the Order:

1. DEFINITIONS.

    1.1　Party: Any named party to the Matter, including its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1

1.2     Discovery Material: All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, without limitation, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery requests in this Matter.

1.3     "Confidential" Discovery Material:  Discovery Material that the Disclosing Party reasonably and in good faith believes contains or would disclose confidential, personal, proprietary, financial, customer, client or commercially sensitive information, that requires the protections provided in this Stipulation and Order, including any information that constitutes confidential information under Fed. R. Civ. P. 26(c) or applicable laws or regulations.  Confidential Discovery Material includes information (such as Private Data, as defined in Section 1.7, below) which applicable law requires the equivalent of "Confidential" treatment as set forth in this Order.  Confidential Discovery Material shall not include information that is public or that after disclosure becomes public other than by an act or omission of the Receiving Party.

1.4     Disclosing Party:  A Party or non-party which produces Discovery Material in the Matter.

1.5     Receiving Party:  A Party which receives Discovery Material from a Disclosing Party in the Matter.

1.6     Designating Party:  A Party or non-party which designates Discovery Material as "Confidential" pursuant to this Order.

1.7     "Private Data": Information that a Party believes in good faith to be subject to data protection laws or other privacy obligations.  Nothing in this paragraph shall be

2

used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Private Data."

       1.8      <u>Outside Counsel</u>: Attorneys, paralegals, and other law firm personnel, employees, and contractors who are not employees of a Party but who are retained to represent or advise a Party in the Matter.

       1.9      <u>In-House Counsel</u>: Attorneys, paralegals, and other legal and/or compliance department personnel who are employees of a Party, to whom disclosure of Discovery Material is reasonably necessary for this litigation.

       1.10     <u>Expert</u>: A person who is not an owner, director, officer, or employee of a Party, who has specialized knowledge or experience pertinent to this Matter, who has been retained by a Party to serve as an expert consultant or witness in the prosecution or defense of the Matter, including his or her employees and support staff.

2.      <u>DESIGNATING DISCOVERY MATERIAL AS "CONFIDENTIAL."</u>

       2.1      Pursuant to this Order, a Disclosing Party may designate Discovery Material as "Confidential." The Disclosing Party may make such a designation if it has a reasonable, good faith basis that the information so designated is "Confidential" as a matter of law. The protections conferred by this Order cover not only the Discovery Material itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Outside Counsel to or in Court or in other settings where "Confidential" Discovery Material might be disclosed to persons not authorized to receive it.

       2.2      A Party may designate any Discovery Material as "Confidential" by placing or affixing on them, in a manner that will not interfere with their legibility, the following

or other appropriate notice: "CONFIDENTIAL." Where the designation of Discovery Material as "Confidential" is based in part or in whole on the presence of Private Data, the Disclosing Party may choose to place or affix the following notice: "CONFIDENTIAL – PRIVATE DATA." Except as otherwise provided in this Order or as otherwise stipulated or ordered, "Confidential" Discovery Material must be designated for protection under this Order before it is disclosed or produced. For depositions, a Party may designate Discovery Material as "Confidential" by indicating in the record at the deposition which portions of the transcript and/or responses shall be treated as "Confidential." Alternatively, within thirty (30) days after receipt of the transcript or recording of such deposition, the Disclosing Party (or the Designating Party, if different from the Disclosing Party) may designate such transcript or recording or any portion thereof as "Confidential" by notifying all Parties in writing of the specific pages and lines of the transcript or recording that should be treated as "Confidential." All transcripts or recordings of depositions shall be treated as "Confidential" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first.

   2.3  In the event that a non-party or another Party discloses Discovery Material that a Party wishes in good faith to designate as "Confidential," the Party wishing to make the designation must do so within fifteen (15) days of receipt, and identify the "Confidential" Discovery Material by bates label or, as applicable, by document title and page number(s). The Designating Party shall thereafter mark the Discovery Material and reproduce it.

   2.4  A Party who inadvertently fails to designate Discovery Material as "Confidential" shall have thirty (30) days from the discovery of its oversight to correct the

failure. Such failure shall be corrected by providing the Receiving Party written notice of the error and substituted copies of the inadvertently produced Discovery Material. The Receiving Party shall thereafter treat the Discovery Material as "Confidential."

   2.5  To the extent Discovery Material is disclosed to anyone not authorized to receive "Confidential" Discovery Material under the terms of this Order, and is later designated as "Confidential" pursuant to Sections 2.3 or 2.4, the Receiving Party shall make reasonable efforts to retrieve the "Confidential" Discovery Material promptly and to avoid any further disclosure.

   3.  <u>ACCESS TO CONFIDENTIAL DISCOVERY MATERIALS.</u> "Confidential" Discovery Material shall not, without the written consent of the Disclosing Party (along with the Designating Party, if different from the Disclosing Party) or Court Order, be disclosed or made available in any way to any person other than:

   a.  A Party, including designated representatives for the Defendants to whom disclosure is reasonably necessary for research, assistance, preparation, or other work in connection with the Matter;

   b.  A Party's In-House Counsel or Outside Counsel;

   c.  Expert consultants or witnesses retained in connection with this Matter;

   d.  The Court and its employees;

   e.  Professional court reporters and video operators transcribing depositions or testimony, and who are engaged in proceedings necessarily incident to the conduct of this Matter;

   f.  Any person who is a current officer, director, manager, or employee of the Disclosing Party;

  g. Witnesses in the course of deposition or trial testimony; and

  h. Any other person by written agreement of all Parties.

4. <u>OBJECTIONS TO DESIGNATIONS AND RESTRICTIONS ON ACCESS OF DISCOVERY MATERIALS.</u>  Entry of this Order shall be without prejudice to any Party's right to seek relief from or the modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or other information in the course of the Matter. A Party may object to the designation of particular "Confidential" Discovery Material by giving written notice to the Designating Party (along with the Designating Party, if different from the Disclosing Party).  Following receipt of such notification, counsel for the Parties shall meet and confer in an effort to resolve any disagreement.  If the Parties cannot resolve the objection either Party may seek judicial relief concerning the propriety of the designation.  If a motion is timely filed, the Discovery Material shall be treated as "Confidential" under the terms of this Order until the Court rules on the motion.

5. <u>SUBMITTING CONFIDENTIAL DISCOVERY MATERIALS TO THE COURT.</u> If a Party wishes to file a document containing "Confidential" Discovery Material with the Court, they shall file it under seal pursuant to the requirements of the Court for filing.  Each party shall use its best efforts to minimize filings that necessitate the filing of documents under seal. Regardless of any provision in this Order to the contrary, a Party does not have to file a document under seal if the "Confidential" Discovery Material contained or reflected in the document was so designated solely by that Party.

6. <u>USE OF DISCOVERY MATERIALS.</u>  Discovery Material may be used by the Receiving Party solely for purposes of the prosecution or defense, including any settlement thereof, of the Matter, and for no other purpose whatsoever, except to the extent that the information was

publicly available or otherwise lawfully obtained by the Receiving Party independent of any disclosure of Discovery Material made in the Matter. Nothing in this Order shall be construed to limit any disclosing Party's use or disclosure of its own documents, materials, or information that have been designated as "Confidential" pursuant to this Order.

7. DISCLOSURE OF DISCOVERY MATERIALS PROTECTED BY EVIDENTIARY OR DISCOVERY PRIVILEGES.

  7.1 This Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, and is without prejudice to any other Party's right to contest such a claim of privilege or protection.

  7.2 Consistent with Fed. R. Evid. 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is protected from disclosure by the attorney-client privilege, the work produce doctrine, or any other applicable privilege or immunity ("Privileged Material"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter.

  7.3 If the Disclosing Party believes that it inadvertently produced Privileged Material, it shall notify in writing any party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Fed. R. Civ. P. 26. Within five (5) business days of receipt of such notice, the Receiving Party shall provide a certification of its Counsel that all such Privileged Material, and any copies

thereof, has been sequestered, returned, or destroyed, and shall not use such items for any purpose until further order of the Court.

7.2     If a Receiving Party determines that it has received Privileged Material, it shall destroy or return all copies of such Privileged Material within ten (10) business days of the discovery of such information and shall provide a certification of Counsel that all such disclosed Privileged Material, and any copies thereof, has been returned or destroyed, and shall not use such items for any purpose until further order of the Court.

7.3     If the Receiving Party seeks to challenge the Disclosing Party's designation of Privileged Materials as such, it shall notify the Disclosing Party in writing and not use or disclose the materials until the dispute is resolved.  Following the receipt of such notice, the Parties shall meet and confer in an effort to resolve any disagreement regarding the designation of the material as Privileged Material.  If the Parties cannot resolve the dispute within ten (10) days after receipt of the written notice, either Party may seek judicial relief consistent with the applicable local rules and individual practices, on the propriety of the designation.  If a motion is timely filed, the material shall be treated as "Privileged Material" under the terms of this Order until the Court rules on the motion.

8.     STANDARD OF CARE.  The recipient of any "Confidential" Discovery Material shall maintain such material in a secure and safe area and shall exercise appropriate caution when handling such material to safeguard against unauthorized or inadvertent disclosure of such material.  "Confidential" Discovery Material shall not be copied, reproduced, extracted or abstracted, except to the extent reasonably necessary for the conduct of this Matter.  Any copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

9.  TERM OF ORDER; RETURN AND DESTRUCTION OF CONFIDENTIAL DISCOVERY MATERIALS. The terms of this Order shall survive termination of this Matter, and all protections of this Order shall remain in full effect until the Parties complete their obligations as set forth in this paragraph. Within sixty (60) days of the conclusion of this Matter, all parties in receipt of Confidential Discovery Material shall make professionally reasonable efforts to return such materials and copies thereof to the Disclosing Party or destroy such materials and certify that fact in writing to the Disclosing Party. A receiving party is not required to return or destroy "Confidential" Discovery Material that is the subject of legal hold obligations, provided that these materials continue to be subject to the terms of this Order. The Parties' Counsel shall also be permitted to keep a copy of "Confidential" Discovery Material to the extent that it is incorporated into any pleadings, motions, or other work product, provided that the materials continue to be maintained and handled in the manner required by section 8.

10. MODIFICATION. The terms of this Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. THIRD-PARTY DISCOVERY.

11.1 The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in the Matter. Any Party shall be entitled to seek and enforce compliance with any non-party subpoena served in this Matter by any other Party.

11.2 In the event that a Party is asked to disclose documents and information in the Matter which implicate the confidentiality or privacy interests of non-parties, and which the Party in receipt of such request reasonably believes cannot be disclosed without such third parties' consent, then the Party in receipt of such request will use good faith efforts

to obtain such non-parties' consent. If the Party cannot obtain the necessary consent from the non-party, it will promptly notify the requesting Party in writing. Following receipt of such notification, counsel for the Parties shall meet and confer in an effort to resolve any disagreement. If the Parties cannot resolve the dispute within ten (10) days after receipt of the written notice, either Party may seek a judicial remedy.

12. NEW PARTIES. In the event that additional persons or entities become parties to this Matter, such parties shall not have access to "Confidential" Discovery Material produced by or obtained from any Disclosing Party until the newly joined parties or their counsel endorse a copy of the Acknowledgement and file it with the Court. Any non-party from whom discovery is sought by any Party to this Matter may designate Discovery Material that it produces as "Confidential" consistent with this Order, in which event such Discovery Material shall be assigned the same protection as "Confidential" Discovery Material as designated by a Disclosing Party.

13. JURISDICTION. The Court may retain jurisdiction even after final disposition of this Matter to enforce this Order by the sanctions set forth in Fed. R. Civ. P. 37.

SO STIPULATED AND AGREED this 30th day of November, 2021.

| | |
|---|---|
| /s/ Charles F. Kaplan | /s/ Cassandra P. Miller |
| Daniel F. Kaplan | Daniel A. Edelman |
| Charles F. Kaplan | Cassandra P. Miller |
| PERRY, GUTHERY, HAASE & GESSFORD, P.C., L.L.O. | EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC |
| Lincoln, NE 68508 | Tel.: (312) 739-4200 |
| Tel.: (402) 476-9200 | Fax: (312) 419-0379 |
| Fax: (402) 476-0094 | dedelman@edcombs.com |
| Email: dkaplan@perrylawfirm.com | cmiller@edcombs.com |
| ckaplan@perrylawfirm.com | |

*Counsel for Defendants Nelnet, Inc., Nelnet Diversified Solutions, LLC, and Nelnet Servicing, LLC*

– and –

David A. Domina
DOMINA LAW GROUP, PC, LLO
2425 South 144th Street
Omaha, NE 68114
ddomina@dominalaw.com

– and –

Anthony Fiorentino
FIORENTINO LAW OFFICES, LTD.
180 N. LaSalle Street, Suite 2440
Chicago, IL 60602
Tel.: (312) 853-0050
Fax: (312) 853-3254
anthony@fiorentinolaw.com

*Counsel for Plaintiffs Andrew Johansson, Heather Porter, and Linda Stanley*

**DONE AND ORDERED** this 30th day of November, 2021.

_____
United States Magistrate Judge

**EXHIBIT A**

AGREEMENT CONCERNING CONFIDENTIAL MATERIAL
SUBJECT TO THE PROTECTIVE ORDER

I, the undersigned, hereby acknowledge I have read the Protective Order (the "Order") in *Andrew Johansson, et al. v. Nelnet, Inc. et al.*, Case No. 4:20-cv-3069-JMG-CRZ, United States District Court for the District of Nebraska. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the Order.

_____
Full Name and Title


_____    _____
Signature                           Date