IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW JOHANSSON, on behalf of themselves and the Class Members described herein; JON PEARCE, on behalf of themselves and the Class Members described herein; and LINDA STANLEY, on behalf of themselves and the Class Members described herein;<br><br>Plaintiffs,<br><br>vs.<br><br>NELNET, INC., a Nebraska Corporation; NELNET SERVICING, LLC, a Nebraska limited liability company; and NELNET DIVERSIFIED SOLUTIONS, LLC, a Nebraska limited liability company;<br><br>Defendants. | 4:20CV3069<br><br>**MEMORANDUM AND ORDER** |

This case is before the court on the second motion for leave to file an amended complaint filed by Andrew Johansson, Jon Pearce, Linda Stanley and the putative class ("plaintiffs"). (Filing No. 109).[1] Plaintiffs contend the amendment is warranted based on newly discovered evidence. (Id.).

For the reasons stated below, the motion will be denied.

---

[1] Plaintiffs' first motion to amend was withdrawn on March 21, 2022, because it did not comply with local rules. (Filing Nos. 107 and 108).

BACKGROUND

Plaintiffs are borrowers of loans owned by the federal Department of Education. Nelnet Inc., Nelnet Servicing, LLC, and Nelnet Diversified Solutions, LLC ("defendants" or "Nelnet") collectively administer, service, and collect on the loans. (Filing No. 1 at CM/ECF p. 2). The plaintiffs allege Defendants, as federal loan servicers, are responsible for administering federal income-driven repayment ("IDR") plans. (Id.). Borrowers who cannot afford to repay their loans pursuant to the standard repayment plan may enroll in IDR plans based on their gross income and family size. (Id.). IDR plans are renewed annually. (Id. at CM/ECF p. 4.). Plaintiffs generally allege that Defendants improperly canceled or failed to renew their IDR plans and enrolled Plaintiffs in unnecessary and costly forbearances. (Id. at CM/ECF p. 3.). Plaintiffs allege that such actions caused borrowers to incur improper fees and/or caused unpaid accrued interest to be "capitalized" or added to the borrower's principal loan balance. (Id.).

After early motion practice, an initial progression order was entered on August 30, 2021. (Filing No. 55). The order required all motions to amend pleadings or add parties be filed on or before October 15, 2021. (Id.). The parties then began discovery with a focus on class certification.[2] (Id.). On February 3, 2022, plaintiffs deposed Viola Pruett ("Pruett"), Program Manager for Defendants' loan servicing operations. (Filing No. 111 at CM/ECF p. 4). Plaintiffs claim Pruett's

---

[2] The parties were encouraged to reach a stipulation concerning the potential use of discovery materials from a prior case involving similar issues but could not reach an agreement. See Filing No. 56; Olsen v. Nelnet, Inc. et al. No 4:18-cv-03081-JMG-MDN. In their briefing, both parties reference evidence produced and/or submitted as part of the Olsen litigation as a basis for the plaintiffs' knowledge or lack of knowledge of facts relevant to the present motion. See Filing No. 120 at CM/ECF pp. 11-12; Filing No. 131 at CM/ECF p.9; 132-9. The court has reviewed the cited material but finds it is not persuasive for either party.

deposition revealed new evidence of Defendants' alleged wrongdoing. Plaintiffs now seek to amend their complaint. (Id.).

The complaint generally alleges that Nelnet improperly cancelled or failed to renew IDR plans, delayed renewal or enrollment, and improperly placed borrowers in hardship forbearances. (Filing No. 1). In the original complaint, the proposed classes align with the claims pled, including: (1) the breach of contract class, (2) the negligent misrepresentation class, (3) the Illinois class, and (4) the Colorado class. (Id. at CM/ECF pp. 20-21.) Plaintiffs' proposed amended complaint does not add additional claims, but rather expands the theories of recovery within previously alleged claims. (See, generally, Filing No. 109-1). In doing so, Plaintiffs significantly redefine the putative classes. (Id.). The proposed amended complaint redefines the classes as: (1) the improper hardship forbearance class, (2) the overlapping forbearance class, (3) the misrepresentation of renewal deadline class, and (4) the email notice of renewal class. (Id. at CM/ECF pp. 32-33). Each of the four proposed classes have an Illinois and Colorado subclass. (Id.).

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely grant [such] leave when justice so requires." This standard is construed liberally, but "plaintiffs do not have an absolute or automatic right to amend." United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). Indeed, "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065

(8th Cir. 2005) (internal quotation marks and citations omitted). "In most cases, [d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." Id. (internal quotation marks and citation omitted).

However, when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, Fed. R. Civ. P. 16(b)(4) first requires a showing of "good cause" to extend the pleading amended deadline stated in the scheduling order. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). After the movant has shown good cause to modify the scheduling order under Fed. R. Civ. P. 16(b), the court may then consider whether the amendment is permitted under Fed. R. Civ. P. 15(a). Id. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (internal quotation marks and citations omitted).

Plaintiffs have not met the heightened good cause standard. The deadline to amend pleadings was October 15, 2021. Review of the record reveals that Plaintiffs did not serve any discovery requests on Defendants until October 15, 2021, the day any motion to amend should have been filed. (Filing No. 58). This illustrates lack of diligence to meet the deadline on the part of Plaintiffs. While Plaintiffs may have readily pursued a motion to amend from the time they allegedly discovered new evidence, they fail to address their lack of diligence relating to the court's motion to amend deadline. The court denies the motion to amend on this basis alone. See Architectural BusStrut Corp. v. Target Corp., No. 19-CV-968 (DSD/ECW), 2021 WL 2646808, at *5 (D. Minn. Mar. 8, 2021) (denying motion to amend where movant failed to conduct any discovery prior to the deadline to amend the pleadings).

4

Even if the court were to ignore Plaintiffs' lack of diligence prior to the amendment deadline, Plaintiffs still would not succeed on their motion. Plaintiffs argue their amendment includes additional allegations based on new evidence obtained at the Pruett deposition, which occurred on February 3, 2022, and that they were diligent by filing a motion to amend just weeks later. ([Filing No. 113 at CM/ECF p. 4](#)). While it is generally recognized that new information obtained through discovery can be grounds for a good cause finding, the court is not convinced that Plaintiffs "new evidence" was not known to them, or could not have been easily discovered, prior to the amendment deadline. See [Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)](#) (listing "newly discovered facts" as a basis for a good cause finding).

Plaintiffs state the Pruett deposition disclosed previously unknown facts regarding: (1) damages resulting from deficient IDR renewal notices, (2) damages resulting from the electronic notice procedure, (3) damages resulting from overlapping forbearances, and (4) Nelnet's policy of enrolling borrowers in hardship forbearances without their written consent. ([Filing No. 111](#)). Each of these categories of evidence is discussed below.

1) Damages resulting from deficient IDR renewal notices

Prior to the expiration of an IDR plan, the loan servicer must send the borrower a written notice of the deadline by which the borrower must recertify the plan to continue with income-based payments. ([Filing No. 1 at CM/ECF p. 5](#)). Plaintiffs now allege the notice sent by Defendants contained contradictory statements regarding the renewal deadline and that the deadline provided in the notice was inconsistent with federal law. ([Filing No. 111 at CM/ECF p. 9](#); [Filing No.

109-1 at CM/ECF p. 9). According to Plaintiffs' original and amended complaint, these notices were sent to borrowers yearly.

Defendants argue that Plaintiffs, by their own allegations, received the yearly notices and therefore should have had these notices in their possession prior to the commencement of the lawsuit. But Plaintiffs contend the notice language was confusing, and prior to Pruett's deposition, they were not aware that the contradictory statements could result in financial damages, i.e. the inconsistent notice could cause a borrower to miss the renewal deadline resulting in interest capitalization. (Filing No. 111 at CM/ECF p. 9).

2) Damages resulting from electronic notice procedure

Plaintiffs further claim that, through discovery, they learned of a method of providing IDR renewal notice that they now contend is insufficient and is a breach of the Master Promissory Note. (Filing Nos. 111 at CM/ECF p. 10; 109-1 at CM/ECF p. 18). Specifically, Plaintiffs allege Defendants emailed borrowers, including Johansson, at their personal email address and that the email correspondence directed them to their Nelnet account containing the IDR renewal notices and related disclosures. (Filing No. 111 at CM/ECF p. 9-10; Filing No. 112-12, Filing No. 112-13). Plaintiffs now propose to allege these emails provided insufficient notification and caused Johansson to fail to renew his IDR plan in a timely manner. (Filing No. 111 at CM/ECF p. 10; Filing No. 109-1 at CM/ECF p. 18). Plaintiffs admit that Johansson had these emails in his possession at least a year before the lawsuit was filed, but they apparently did not locate them until receiving documents produced in Defendants discovery responses. (Filing No. 111 at CM/ECF p. 9). Plaintiffs contend the insufficiency of the email renewal notices is "new evidence" because prior to the Pruett deposition, they did not know this

6

method of notice was not authorized by the Department of Education. (Filing No. 111 at CM/ECF p. 11).

    3) Damages resulting from overlapping forbearances

Plaintiffs claim the Pruett deposition exposed financial damages in the form of interest capitalization from hardship forbearances. (Filing No. 113 at CM/ECF p. 11). Generally, the amended complaint alleges borrowers, and Johansson specifically, were improperly enrolled in a hardship forbearance when they were entitled to a forbearance under 34 CFR § 682.215(e)(9). (Filing No. 109-1 at CM/ECF pp. 14-15). This is significant because forbearance under (e)(9) does not result in capitalization of interest, whereas a hardship forbearance does. (Filing Nos. 111 at CM/ECF p. 11). Plaintiffs argue the documents reflecting Johansson's account history were unclear, and they did not know if the interest from the hardship forbearance was reversed or refunded. (Id.). They allege Pruett's testimony revealed the interest capitalization would not be reversed, establishing a claim for additional damages. (Id.).

    4) Nelnet's policy of enrolling borrowers in hardship forbearances without written consent

Plaintiffs' proposed amended complaint would allege that Nelnet had a policy of enrolling borrowers in hardship forbearances without the borrower's written request in violation of federal law. (Filing No. 109-1 at CM/ECF p. 25). Plaintiffs claim they did not previously know whether their enrollment in hardship forbearances without written consent was isolated to them or, in the alternative, performed pursuant to a *policy* of such behavior. (Filing No. 113 at CM/ECF p. 12). Defendants argue this is information that was already known to Plaintiffs as

evidenced by Plaintiffs' own oral rather than written requests for hardship forbearances. (Filing No. 120 at CM/ECF p. 16).

In reviewing the evidence cited by Plaintiffs, the court finds that all of the facts were known to the plaintiffs, or could have been easily discovered, prior to the deadline to amend the pleadings. The information now relied on by the plaintiffs was contained within their own records or was within their own personal knowledge. For example, Johansson received the IDR renewal notices, the emails to his personal email address, and received his account transaction history and balance prior to the commencement of the present lawsuit. (Filing No. 112-4; Filing No. 112-12; Filing No. 121-12). Further, Johansson and Stanley orally consented to hardship forbearances and thereby knew that they had not provided written consent.

Even assuming the above evidence was not known to Plaintiffs, or that it wasn't sufficiently developed to include in the initial Complaint, Plaintiffs have failed to show any effort to obtain the information prior to the October deadline. Had they been uncertain as to any of the cited evidence, they could have pursued those allegations in the normal course of discovery. In its motion before the court, Plaintiffs do not address why they did not serve the necessary discovery before the motion to amend deadline. Instead, Plaintiffs argue that their diligence since the Pruett deposition warrants leave to amend. However, the focus under Rule 16(b) is on the diligence with which the moving party complies with the scheduling order. See Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). As Plaintiffs have failed to show good cause pursuant to Rule 16(b), the court need not consider whether Defendants would be prejudiced by the amendment.

8

Accordingly,

IT IS ORDERED:

Plaintiffs' Motion to Amend the Complaint ([Filing No. 109](#)) is denied.

Dated this 4th day of May, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge