IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANDREW JOHANSSON, on behalf of themselves and the Class Members described herein; JON PEARCE, on behalf of themselves and the Class Members described herein; and LINDA STANLEY, on behalf of themselves and the Class Members described herein;

Plaintiffs,

vs.

NELNET, INC., a Nebraska Corporation; NELNET SERVICING, LLC, a Nebraska limited liability company; and NELNET DIVERSIFIED SOLUTIONS, LLC, a Nebraska limited liability company;

Defendants.

**4:20CV3069**

**FINDINGS, RECOMMENDATION, AND ORDER**

This matter is before the court on Defendants' Motion to Strike the class certification allegations of Plaintiffs' complaint, and Motion to Strike Plaintiffs' Motion for Class Certification. (Filing No. 150, see Filing No. 138). As to Defendant's Motion to Strike, the undersigned magistrate judge recommends that Plaintiffs' allegations seeking class certification as set forth in their initial complaint be dismissed as abandoned, and Plaintiffs' current arguments to certify the "Modified Nationwide Class" referred to in Plaintiffs' briefing be denied as unsupported by the allegations within in the operative complaint and raised in contravention of the court's prior order, (Filing No. 137). The court will grant Defendants' Motion to Stay Briefing on the Plaintiff's Motion for Class Certification, (Filing No. 152), pending Judge Gerrard's review of the Motion to Strike.

## BACKGROUND

Plaintiffs are borrowers on loans owned by the federal Department of Education. Nelnet Inc., Nelnet Servicing, LLC, and Nelnet Diversified Solutions, LLC ("Defendants" or "Nelnet") collectively administer, service, and collect on the loans. (Filing No. 1 at CM/ECF p. 2). Plaintiffs allege Defendants, as federal loan servicers, are responsible for administering federal income-driven repayment ("IDR") plans. (Id.). Borrowers who cannot afford to repay their loans pursuant to the standard repayment plan may enroll in IDR plans based on their gross income and family size. (Id.). IDR plans are renewed annually. (Id. at CM/ECF p. 4).

Plaintiffs' initial complaint alleges Defendants improperly canceled or failed to renew their IDR plans and enrolled Plaintiffs in unnecessary and costly forbearances. (Id. at CM/ECF p. 3). Plaintiffs allege that such actions caused borrowers to incur improper fees and/or caused unpaid accrued interest to be added to the borrower's principal loan balance; that is, "capitalized." (Id.). Specifically, the operative complaint alleges Defendants violated:

- 34 C.F.R. §685.221(e)(8)(i),[1] which states that a loan servicer must "maintain[] the borrower's current scheduled monthly payment amount" until the request has been fully processed if the borrower's recertification materials were received prior to the renewal deadline;
- 34 C.F.R. § 685.205(b)(9), by placing Plaintiffs' loans in hardship forbearance (during which interest is capitalized), (34 C.F.R § 685.205(a)), instead of administrative forbearances, during the documentation gathering and review of IDR plan renewal applications;[2] and

[1] The complaint references 34 C.F.R. §685.221(e)(8)(**ii**). This is a typographical error. The language quoted in the complaint is from 34 C.F.R. §685.221(e)(8)(**i**).

[2] As used in this case, an "administrative forbearance" is "a 60-day forbearance, with no resulting capitalization of interest, if the purpose of the forbearance is to allow the loan holder to collect and process documentation supporting the borrower's request for any changes to the repayment plan." (Filing No. 1, at CM/ECF p. 6, ¶19).

- 34 C.F.R. §685.221(e)(8)(i), which requires that IDR applications be processed "promptly."

(Filing No. 1, at CM/ECF p. 19, ¶¶ 75-77). The initial complaint does not allege hardship forbearances extended on Plaintiffs' loans were unlawful because they were not requested in writing.

Plaintiffs filed this case on June 15, 2020. (Filing No. 1). After early motion practice, an initial progression order was entered on August 30, 2021. (Filing No. 55). The order required that all motions to amend pleadings or add parties be filed on or before October 15, 2021. (Id.). The parties then began discovery focused on class certification. (Id.). On February 3, 2022, plaintiffs deposed Viola Pruett ("Pruett"), Program Manager for Defendants' loan servicing operations. (Filing No. 111 at CM/ECF p. 4). Plaintiff filed a motion for leave to file an amended complaint outside of the time period established by the progression order, claiming Pruett's deposition revealed new evidence of Defendants' alleged wrongdoing. (Filing No. 109).

Plaintiffs' proposed amended complaint essentially re-wrote the initial complaint, significantly expanding the theories of recovery and redefining the putative classes. (See Filing No. 109-2). As relevant to the currently pending issues, the proposed amended complaint would have added an "Improper Forbearance Enrollment" claim, alleging Defendants violated 34 C.F.R. § 685.205(a) by granting hardship forbearances despite the lack of a written request and supporting documentation from the borrower. (Filing No. 109-1, at CM/ECF pp. 10-15). Under the proposed amended complaint, Class I (the Improper Hardship Forbearance Class) would have included:

> All individuals who, according to Defendants' records, had a federal direct student loan serviced by Nelnet, and, at any time on or after a date five years (breach of contract) or four years (negligent

misrepresentation) or three years (state subclasses) prior to the filing of this action who experienced the following:

a. The borrower was enrolled in an IDR plan, but the income-driven payments were cancelled when the plan was not renewed prior to the annual deadline;

b. Within 60 days of the cancellation of income-driven payments, Nelnet enrolled the borrower in a hardship forbearance, and the interest that accrued during the forbearance was capitalized;

c. The borrower did not submit a written request for the hardship forbearance referenced above;

d. The borrower's loans were not in default status when the hardship forbearance was approved.

(Filing No. 109-1, at CM/ECF p. 32) (emphasis added).

On May 4, 2022, the undersigned denied Plaintiffs' motion for leave to amend, holding the motion was untimely under the court's progression order and Plaintiffs had failed to show good cause for moving to amend beyond the court-ordered deadline. Specifically, the court held that prior to the deadline for moving to amend, Plaintiffs either knew or should have known the facts underlying the new allegations and theories in the proposed amended complaint. (Filing No. 137, at CM/ECF p. 8). The order denying Plaintiff's motion to amend was not appealed. As such, the initial complaint remains the operative complaint in this case.

Defendants assert Plaintiffs' counsel informed them on May 13, 2022 that Plaintiffs intended to move to certify several of the putative classes as redefined in the proposed amended complaint. Defense counsel objected. Then on May 17, 2022, Plaintiffs' counsel stated that Plaintiffs would be moving to certify only the "Improper Hardship Forbearance" class as defined in the proposed amended complaint. Defendants again objected. (Filing No. 162-1).

Although the court's prior order denied Plaintiffs' motion to amend the complaint to add an "Improper Hardship Forbearance Class," Plaintiffs Motion for Class Certification filed on May 19, 2022, (Filing No. 138), asks the court to certify a proposed putative class that includes "Borrowers who were (1) enrolled in a hardship forbearance (2) without their written consent (3) while their IDR applications were pending." (Filing No. 138). The motion for class certification itself does not contain a precise putative class definition, but the supporting brief defines the "Modified Nationwide Class" as identical to the "Improper Hardship Forbearance Class" within Plaintiffs' proposed amended complaint. (Filing No. 109-1 at CM/ECF p. 32). Both parties apparently accept that the Modified Nationwide Class definition is the definition embraced by Plaintiffs' pending motion for class certification. As such, the court's prior order, (Filing No. 137), foreclosed as untimely the filing a complaint seeking relief on behalf of the "Modified Nationwide Class" now discussed in Plaintiffs' brief in support of class certification.

Defendants have moved to strike both Plaintiffs' motion for class certification and the class allegations in Plaintiffs' initial complaint, arguing Plaintiffs have abandoned the class claims alleged in the operative complaint, and the allegations in the initial complaint do not support the class they now seek to certify. (Filing No. 150). Defendants also request that briefing on the motion for class certification be stayed pending a decision on the motion to strike. (Filing No. 152).

## ANALYSIS

### I. Motion to Strike Class Certification

Defendants have moved to strike Plaintiffs' Motion for Class Certification in its entirety, alleging that Plaintiffs have "abandon[ed] the theories of liability and putative class definitions set forth in the Complaint, and instead introduce a new,

unpled theory of class-wide liability under a materially different putative class definition." (Filing No. 150). Defendants allege Plaintiffs are precluded from advancing the theory of liability and putative class definition presented in Filing No. 138, because they were not alleged in the initial complaint, and their new claims and theories are precluded by the Memorandum and Order entered by the undersigned magistrate judge on May 4, 2022. (Filing No. 137). Defendants further allege that had the complaint been amended, they would have filed a motion to dismiss. Because the amendment was not allowed, Defendants argue they were not able to adequately challenge the putative class definition, or conduct discovery based on the modified definition in Plaintiffs' class certification briefing before Plaintiffs' motion for class certification was filed. Thus, Defendants argue, allowing the motion for class certification to proceed would prejudice Defendants.

In opposition, Plaintiffs assert: (1) the modified putative class definition is supported by the allegations in the original complaint; (2) the modified class definition is based on computer search queries that Nelnet performed during discovery at Plaintiff's request, thus Defendants acquiesced or waived any challenge to the modified putative class definition; and (3) Nelnet's argument in support of the instant motions is contrary to prior representations made by counsel, and Plaintiffs would be prejudiced if the class definition is stricken at this stage in the proceedings.

Each of these arguments will be addressed in turn.

A. Previously Unpled Theories:

Defendants assert the Motion for Class Certification should be struck because "Plaintiffs' new theory of class-wide liability and overhauled putative class definition are invalid *ab initio* because they stray from the theories and class definition articulated in the Complaint." (Filing No. 153).

The operative complaint, (Filing No. 1), alleges Plaintiffs timely and successfully recertified their IDR plans, but Defendants' alleged processing mistakes and delays caused costly interest capitalization on Plaintiffs' loans and caused Plaintiffs to lose progress toward loan forgiveness. The complaint alleges Defendants failed to grant a 60-day administrative forbearance as provided for under 34 C.F.R. § 685.205(b)(9), and instead placed the Plaintiffs' loans, and the loans of the putative class members, in hardship forbearances under 34 C.F.R. § 685.205(a)(1). (Filing No. 1 at CM/ECF p. 19).

Plaintiffs assert the proposed class definition is still "based on allegations in the original complaint; that Nelnet 'improperly placed the loans of countless borrowers into hardship forbearance during the IDR recertification process, causing unpaid accrued interest to be capitalized, or added to the borrower's principal loan balance.'" (Filing No. 160 at CM/ECF pp. 7-8, citing Filing No. 1 at CM/ECF p. 3). In support of their argument they assert that "a court is not bound by the class definition proposed in the complaint." Smith v. Brown & Williamson Tobacco Corp., 174 F.R.D. 90, 92 n.2 (W.D. Mo. 1997).

On its face, the initial complaint does not allege any claims premised on the fact that Plaintiffs' forbearance enrollment was requested orally and not in writing. In fact, the complaint contains no allegations regarding how, or if, Plaintiffs communicated their assent to hardship forbearances. (Compare, Filing No. 1 at CM/ECF p. 20 with Filing No. 140 at CM/ECF p. 19.). Based on Plaintiffs' modified class definition, Plaintiffs are now claiming their loans were unlawfully placed in hardship forbearance without Plaintiffs' written request. In contrast, Plaintiffs' initial complaint alleges Defendants unlawfully capitalized interest during the 60-day period for collecting and processing documentation to support the borrower's request for changes to a repayment plan by placing borrowers in hardship

forbearances instead of administrative forbearances. (Filing No. 1 at CM/ECF p. 6, ¶19; Filing No. 1 at CM/ECF p. 19, ¶ 76) Contrary to Plaintiffs' argument, these allegations are not the same. The allegations in the initial complaint did not afford Defendants sufficient notice of the allegations now being pursued in the motion to certify the modified and redefined class. See WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co., 897 F.3d 987, 992–93 (8th Cir. 2018) Quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Although the pleading requirements under Rule 8(a) are relatively permissive, the essential function of notice pleading is to 'give the defendant fair notice of what the ... claim is *and the grounds upon which it rests*.'" (alteration in original) (emphasis supplied). In WireCo the Eighth Circuit found the district court did not abuse its discretion when it determined that only those theories of breach that WireCo pleaded in its complaint were before the court.

Before filing their motion to certify, Plaintiffs were fully aware of the court's position on this issue. The court's May 4, 2022 memorandum and order specifically addressed and denied Plaintiffs motion to amend their claims to assert that Nelnet had a policy of enrolling borrowers in hardship forbearances without written consent. (Filing No. 137 at CM/ECF pp. 7-8).

Nonetheless, Plaintiffs argue they are entitled to pursue claims arising from lack of written consent, asserting Defendants will not be prejudiced by the new class definition because they knew about in February 2022 and had ample time to respond to the modified proposed class. (Filing No. 160 at CM/ECF p. 17). Defendants assert that, to date, they have spent time and resources conducting legal research and discovery to support their defenses based to the original complaint. Defendants argue that to allow Plaintiffs to advance their modified putative class definition would prejudice them because the allegations contained

in the modified definition were not raised in the initial complaint and therefore have not been the subject of Rule 12 motion practice or discovery.

Defendants are correct. The modified putative class definition is not sufficiently based on the claims and theories in the operative pleading, and that pleading defines the scope of the issues to be litigated and the parameters of relevant discovery. Issues that are not raised in the pleadings are not part of this lawsuit. Plaintiff cannot use a motion for class certification or a redefined putative class to introduce an unpled claim and corresponding theories of liability. This is especially true when, as will be discussed in more detail below, this court has previously rejected as untimely Plaintiffs' attempt to amend the complaint and expand their theories of liability.

B. Effect of the May 4, 2022 Memorandum and Order

In Filing No. 137, the undersigned rejected the addition of language in the proposed amended complaint regarding Nelnet's alleged policy of enrolling borrowers in hardship forbearances without the borrower's written request. (Filing No. 137 at CM/ECF pp. 7-8). Specifically, the undersigned found that since Plaintiffs Johansson and Stanley knew from the outset that they consented to hardship forbearances orally but not in writing, any claim to recover based on a lack of written consent could have been raised in the initial complaint and clearly before the deadline for amended pleadings set in the court's case progression order. Since Plaintiffs neither timely raised the consent allegations as a basis for recovery, nor showed due diligence in moving to add these allegations, the court denied the motion to amend. (Id., see, also Filing No. 121-12 at CM/ECF p. 42).

Plaintiffs now seek to represent a modified nationwide class and several subclasses that include: "Borrowers who (1) were enrolled in a hardship

forbearance (2) without their written consent (3) while their IDR applications were pending." (Filing No. 138 at CM/ECF pp. 1-2)(emphasis added). Citing my May 4, 2022 order, (Filing No. 137), Defendants argue Plaintiffs are prohibited from redefining the class to include a lack of written consent theory which was not raised in the operative complaint. Although Plaintiffs did not appeal my order denying their motion to add the written consent allegations, they claim they can nonetheless proceed with their new class definition; that Defendants' "law of the case" argument is unavailing because my order is interlocutory and "can always be reconsidered and modified by a district court prior to entry of a final judgment."[3] (Filing No. 160 at CM/ECF p. 21).

While it may be true that the prior order can be subject to reconsideration or modification, Plaintiffs have not requested either reconsideration by me or appellate review by Judge Gerrard.[4] Instead, within 15 days of the undersigned's order denying the motion to amend, Plaintiffs ignored that order and plunged ahead with a motion for class certification, with briefing that redefines the putative class to mirror the written consent allegations foreclosed by court order. Plaintiffs' motion to certify therefore attempts to bypass the deadlines in the case progression order, Rule 16's good cause requirements for modifying those deadlines, the rulings in the order denying the Plaintiffs' motion for leave to amend (Filing No. 137), and Plaintiffs' waiver of any objections to that order by failing to

[3] Plaintiffs cite First Union Nat. Bank v. Pictet Overseas Tr. Corp., 477 F.3d 616, 621 (8th Cir. 2007) for the proposition quoted. However, in that case the Eighth Circuit found that even if the district court had intended to resolve an issue, "it failed to do so with sufficient directness and clarity to establish the settled expectations of the parties necessary for the subsequent application of the law of the case doctrine." The same cannot be said for the undersigned's May 4, 2022 order finding there was not good cause to amend the complaint.

[4] FRCP 72(a) states "A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

timely appeal. See Fed. R. Civ. P. 72(a) and NECivR 72.2. Plaintiffs' attempt to avoid the court's rules and orders cannot be allowed.

Plaintiffs argue that the undersigned's denial of a motion to add new claims has "no bearing on whether the original class definition may be modified." This is simply untrue. While a Plaintiff is not prevented from redefining a putative class to meet the needs of the case, the putative class definition must nonetheless align with and cannot expand beyond the foreseeable claims arising from the operative complaint itself. See Klein v. TD Ameritrade Holding Corp., No. 8:14CV396, 2018 WL 3997126, at *7 (D. Neb. July 12, 2018), ("[I]t is clear that plaintiffs' class certification motion attempts to broaden the class and add theories of recovery beyond those pled in the complaint, which will not be permitted") report and recommendation adopted in part, rejected in part, (on separate grounds) 327 F.R.D. 283 (D. Neb. 2018), rev'd and remanded sub nom. Ford v. TD Ameritrade Holding Corp., 995 F.3d 616 (8th Cir. 2021). See, also Smith v. Seeco, Inc., No. 4:15CV00147 BSM, 2016 WL 3541412, at *3 (E.D. Ark. Mar. 11, 2016).

Plaintiffs assert that the May 4, 2022 memorandum and order "resolved the narrow procedural issue of whether an amended complaint could supersede the original complaint," but it did not reach the substantive issue of whether Plaintiffs' current class definition is grounded in the original pleadings. (Filing No. 160 at CM/ECF p. 21). This argument lacks merit. The court's order held that Plaintiffs could not amend the complaint to add claims alleging Defendants granted hardship forbearances without written requests. Despite this prior ruling, Plaintiffs now seek to represent a class whose "forbearance was processed over the phone, and the borrower never submitted a written request for the hardship forbearance." (Filing No. 140 at CM/ECF p. 19). The court's May 4, 2022 order found these allegations

were not within the initial complaint, were not timely raised, and could not be added to this lawsuit.[5]

Under the facts presented, Plaintiffs' attempt to certify the Modified Nationwide Class, also known as the "Improper Hardship Forbearance" class, described in their briefs is an attempt to incorporate unpled theories of recovery where permission to do so has already been denied. If allowed, Defendants would be forced to respond to a motion to certify a class that was not defined nor supported by the allegations in Plaintiffs' complaint.

C. Waiver or Acquiescence to the Modified Nationwide Class

Plaintiffs argue that notwithstanding the undersigned's order on Plaintiffs' motion for leave to amend, Defendants have acquiesced to the modified nationwide putative class definition or waived the right to object to it. Plaintiffs claim that "From the time Plaintiffs propounded Search Query 1 on Nelnet in February 2022, to the time Plaintiffs filed their motion for certification on May 19, 2022, Nelnet raised no objections to a class definition based on Search Query 1, either with the Court, or with Plaintiffs." (Filing No. 160 at CM/ECF pp. 14-15). In fact, Plaintiffs argue, "Nelnet gave every indication that the parties were in agreement" that Search Query 1 would form the basis for the motion for class certification. (Id. at CM/ECF p. 15). Plaintiffs assert that Defendants' objection to the modified nationwide class definition "at this late stage would substantially prejudice Plaintiffs' case." (Id. at CM/ECF p. 22). Plaintiffs argue that Defendants' "first objection to the class definition" was four months after it was served, three months

[5] Also, Plaintiffs cannot represent a class when there is no allegation that they fit within the class definition. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156 (1982) ("a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.") The operative complaint lacks sufficient allegations indicating the plaintiffs would be members of the modified nationwide class.

after Plaintiffs waived their right to introduce expert testimony regarding the search queries, and two weeks after Plaintiffs moved for class certification. (Filing No. 160 at CM/ECF p. 23). Defendants vehemently disagree with this assertion.

The record shows that on January 25, 2022, the parties had a conference before the undersigned and Plaintiffs represented that they needed Defendants to run a query to determine the number of individuals who completed an application to renew an IDR and whose account was placed in a forbearance other than an administrative forbearance (i.e. a forbearance which would have a negative impact on the loan).[6] (Filing No. 88, audio file, at 12:00). Defendants agreed to provide that information, assuming it was capable of being queried. (Id, at 33:00). Plaintiffs were ordered to "provide Defendants the computer query they are requesting Defendants to run in preparation for filing Plaintiffs' anticipated motion for class certification." (Filing No. 89). The order required Plaintiffs to provide the query by February 10, and stated that Defendants should notify the court and Plaintiffs' counsel by February 17 if a query could not be feasibly run as requested. (Id.)

On February 10, 2022, Plaintiffs' counsel sent a list of four searches, and also notified Defendants that they intended to file an Amended Complaint containing "these revised class definitions as additional fact assertions which relate to these definitions." (Filing No. 141-13 at CM/ECF p. 2). Defense counsel emailed Plaintiffs' counsel on February 17 stating Defendants "fundamentally disagree" with the characterization of the complaint and the scope of the allegations. (Filing No. 141-15). The email stated that the new theories of liability had "zero basis in the complaint" but stated that Search Query 1 was at least feasible, so they were working on a response in compliance with the undersigned's order. (Filing No. 141-15). In a follow-up email on February 18, Defense counsel clarified that

[6] During the January 25, 2022 conference, Plaintiffs did not state that the method of assent to a specific type of forbearance would be an element of the potential query or queries.

"defendants do oppose plaintiffs' motion for leave to amend" generally, and they specifically object to devoting resources to running specific queries. (Filing No. 165-8 at CM/ECF p. 2).

Upon review, contrary to Plaintiffs' argument, there is no indication that Defense counsel accepted Search Query 1 as the basis for or a draft of a revised class definition. Defendants have repeatedly and consistently argued against amending the complaint, and specifically against the introduction of "new facts, legal theories, and putative class definitions" including an "improper hardship forbearance claim." (See, Filing No. 122 at CM/ECF pp. 6, 24). Defendants timely voiced their objection to Plaintiffs' motion to amend. The fact that Defendants completed the court-ordered electronic search does not mean the information returned by that search is relevant to the claims alleged in the original complaint—relevancy for discovery purposes is far broader than relevancy for admission into evidence. Nor does the performance of the search demonstrate that Defendants acquiesced to re-writing the putative class definition, especially given this court's denial of Plaintiffs' request to amend their complaint on similar grounds. Plaintiffs' assertion that Defendants have acquiesced to the new putative class definition is without merit.

D. Expansion or Narrowing of the Putative Class

Plaintiffs also assert the proposed class definition does not expand the previously pled class definition. It narrows it by eliminating the "issues of individualized proof" posed by the previous definition. (Filing No. 140 at CM/ECF p. 21, Filing No. 160 at CM/ECF p. 16). Plaintiffs allege the new definition "amounts to a simple restructuring of the [original] definition to better identify the class," and actually "narrows the class" by including only a subset of borrowers within the original complaint's putative class definition. (Filing No. 160 at CM/ECF pp. 12-13).

Defendants assert the proposed class definition has the opposite effect. They argue that Plaintiffs removed several conditions which had been previously defined, thereby expanding the class. For example, where the original complaint was limited to those who submitted a *timely* application, that was *temporarily discontinued*, and *eventually approved*, the proposed class definition under subsection (a) now includes any borrower whose plan was not renewed prior to the annual deadline. Defendants argue that this amendment relegates the concept of IDR plan recertification into an afterthought when it appeared to be the crux of the original complaint.

Defendants also assert that Plaintiffs have shifted their focus from claiming Defendants are liable because they granted hardship forbearances for an unauthorized reason (i.e. to cover up their internal processing delays) (See Filing No. 1 at CM/ECF p. 28), to claiming Defendants are liable because they permitted hardship forbearances without a written request. Defendants argue that the former would constitute a blatant violation of § 685.205(a)(1) while the latter aligns with Defendants' internal procedures, which would result in a "wildly inflated size of the redefined putative class." (Filing No. 164 at CM/ECF p. 20). Having considered the parties' arguments, the undersigned agrees that the redefined putative class definition as stated in the motion for class certification would expand the size and scope of the putative class and this litigation, not narrow it.

As an afterthought, Plaintiffs assert that, if appropriate, modification of the class definition is preferable to the relief Defendants request. They suggest the court can "alter" the new putative class definition by "synthesizing it with the original class," but they offer no potential solution along those lines. (Filing No. 160 at CM/ECF pp. 18-19). The undersigned cannot envision any synthesis of the original and amended class definitions that would resolve Plaintiffs' shifting basis of

Defendants' alleged liability. And the court is not willing to "synthesize" a new class definition that it is favorable to Plaintiffs' case, adverse to Defendants' interests, and resurrects arguments the court rejected in its May 4, 2022 order.

II. Motion to Strike Portions of the Complaint

Having concluded Plaintiffs' proposed class is not based on facts within the operative pleading, the court will now consider Defendants' motion to strike the class allegations that are within the original complaint. Defendants argue the allegations fall "hopelessly short of meeting the criteria for certification under Fed. R. Civ. P. 23." (Filing No. 151 at CM/ECF p. 24).

Rule 23(b)(3), requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.' " Ford v. TD Ameritrade Holding Corp., 995 F.3d 616, 620 (8th Cir. 2021) citing Tyson Foods, Inc. v. Bouaphakeo, 577 U.S. 442, 453, (2016) If the plaintiffs' method of proving their claims would "include individualized inquiries that cannot be addressed in a manner consistent with Rule 23, then the class cannot be certified." Harris v. Union Pac. R.R. Co., 953 F.3d 1030, 1035 (8th Cir. 2020) (internal quotation omitted).

In their briefing, Plaintiffs assert the putative class definition was redefined, at least in part, to eliminate the individualization issues raised in Defendants' pleadings. (Filing No. 160 at CM/ECF pp. 9, 11). For example, as originally written, Plaintiffs' claims depend on whether the applications were timely submitted,

complete, and accompanied by sufficient income documentation. This would require reviewing each putative class member's annual IDR plan recertification application and any accompanying or supplemental documents. The putative class definition in the original complaint would create the type of fact-intensive and borrower-specific allegations which foreclose class certification under Rule 23.

Plaintiffs argue that their new proposed class definition "eliminates these issues by focusing on the question of improper forbearance enrollment." (Filing No. 140). Plaintiffs further argue that the "existence of an interest-capitalizing forbearance enrollment without written request can be – and has been through the search query – [ ] established from Defendant's records. The legality of that practice is a classwide question." (Filing No. 140 at CM/ECF p. 26).

Even in response to Defendants' motion to strike, Plaintiffs' briefing does not argue that the putative class definition in the original complaint is viable, and the briefing admits that the class definition in the initial complaint necessitates individualized factual inquiries. That briefing, along with Plaintiffs' clear shift in legal theories and modification of the class definition, indicates Plaintiffs have, in fact, abandoned the class action allegations originally asserted. Under Fed. R. Civ. P. 12(f), courts may strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion to strike pleadings under this provision. Harris v. Union Pac. R.R. Co., No. 8:16CV381, 2017 WL 11609769, at *3 (D. Neb. Mar. 8, 2017), citing BJC Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). While striking a party's pleadings is an "extreme and disfavored measure" (Id.), "it is sometimes appropriate to strike pleadings, such as when a portion of a complaint lacks a legal basis." Donelson v. Ameriprise Fin. Servs. Inc., 999 F.3d 1080, 1092 (8th Cir. 2021). Indeed, "[i]t is 'sensible ... to permit class allegations to be stricken at the pleading stage' if it is 'apparent from the pleadings that the

class cannot be certified' because 'unsupportable class allegations bring 'impertinent' material into the pleading' and 'permitting such allegations to remain would prejudice the defendant by requiring the mounting of a defense against claims that ultimately cannot be sustained.' " Id. (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1383 (3d ed.)). It is apparent that Paragraphs 75 through 91 of the original complaint are now immaterial to this litigation and under the circumstances, they should be dismissed as abandoned.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b),

A. As to Defendant's Motion to Strike, (Filing No. 150),

1) Plaintiffs' allegations seeking class certification, (Filing No. 1, ¶¶ 75 through 91)), be dismissed as abandoned; and

2) Plaintiffs' current motion to certify the "Modified Nationwide Class" referred to in Plaintiffs' briefing be denied as unsupported by the allegations within in the operative complaint and raised in contravention of the court's prior order, (Filing No. 137).

B. The Motion for Class Certification (Filing No. 138) be denied for the reasons supporting Paragraph A(2) of this recommendation.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

A. Defendants' Motion to Stay Briefing on Plaintiffs' Motion for Class Certification is granted. (Filing No. 152).

B. If Judge Gerrard grants objections to the Findings and Recommendation herein, if any, the parties shall contact my chambers within 10 days following Judge Gerrard's ruling to discuss whether further discovery is needed as to the redefined putative class, the deadlines for completing any such discovery, and any motion and briefing deadlines.

Dated this 21st day of July, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge