IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW JOHANSSON, et al., on behalf of themselves and the Class of Members described herein, | |
| Plaintiffs, | 20-CV-3069 |
| vs. | ORDER |
| NELNET, INC., a Nebraska Corporation, et al., | |
| Defendants. | |

This matter is before the Court on the plaintiffs' objection (filing 167) to the Magistrate Judge's findings and recommendation (filing 166), recommending that the Court grant the defendants' Motion to Strike the plaintiffs' class action allegations and Motion for Class Certification (filing 150). The Court has conducted a de novo review of the Magistrate Judge's proposed findings and recommendation, *see* 28 U.S.C. § 636(b)(1), and will adopt them.

While the Magistrate Judge thoroughly addressed the relevant issues, the Court will briefly address the alternative modified class definition that the plaintiffs raised for the first time in their objection to the Magistrate Judge's findings and recommendation. *See* filing 168 at 14. The Court agrees with the defendants that since this alternative definition does not change the substance of the modified class definition, filing 168 at 14, it fails to adequately address the issues outlined by the Magistrate Judge, as it still expands the size and scope of the putative class and advances a theory of liability that is not foreseeable based on the allegations in the operative complaint. *See* filing 166

at 9-12, 14-18; filing 169 at 27-28. In other words, the plaintiffs' alternative modified definition does not bring the Court any closer to identifying a workable class definition that is supported by the operative complaint and would not prejudice the defendants.

Additionally, the Court agrees that the plaintiffs have abandoned the class allegations in their original complaint. *See* filing 140 at 16-19. The class allegations in the plaintiffs' complaint were centered on a theory of liability that Nelnet improperly processed *IDR plan renewal applications that were properly and timely submitted*. Filing 1 at 19-20. But the plaintiffs acknowledged that these allegations created "issues of individualized proof." *See* filing 166 at 16-18. And since the plaintiffs have indicated they are unable to conceive of a viable class definition that tracks these allegations and overcomes the issue of individualized proof, the Court agrees these allegations have been abandoned. *See* filing 140 at 16-19.

Having concluded that the plaintiffs' modified and alternative modified class definitions offered in support of their Motion for Class Certification are unsupported by the operative complaint, and that the plaintiffs have abandoned their original class allegations outlined in the operative complaint, the Court will adopt the Magistrate Judge's findings and recommendation. Accordingly,

IT IS ORDERED:

1.    The Magistrate Judge's Findings and Recommendation (filing 166) are adopted.

2.    The plaintiffs' objection (filing 167) is overruled.

3.    The defendants' Motion to Strike the plaintiffs' class action
      allegations and Motion for Class Certification (filing 150) is
      granted.

Dated this 6th day of October, 2022.

                              BY THE COURT:


                              John M. Gerrard
                              United States District Judge